UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SUN LIFE ASSURANCE CO. OF CANADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-539-PLR-HBG |
| | ) | |
| CONESTOGA TRUST SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The parties appeared for a telephone conference on December 30, 2015, to address three discovery disputes. Attorneys James Williams and John Bloor appeared on behalf of the Plaintiff. Attorneys James Orr and P. Edward Pratt appeared on behalf of the Defendant.

In regard to the first discovery dispute, Defendant served Plaintiff with interrogatories, asking Plaintiff to provide the factual basis for various allegations set forth in the Complaint. Defendant asserts that Plaintiff's responses to interrogatory numbers 2, 4, 5, 9, 10, 11, 12, and 13 do not answer the interrogatories, but provide a regurgitation of conclusions which make up the allegations set forth in the Plaintiff's Complaint.

During the telephone conference, Defendant submitted that Plaintiff's responses essentially amounted to legal conclusions, rather than factual explanations or support for its allegations. Defendant requested that Plaintiff supplement its answers accordingly. Plaintiff contended that its responses were facts in and of themselves, and sufficiently answered the

questions presented.  Plaintiff stated that if Defendant sought additional information or details, than the questions, rather than the answers, needed to be amended.

The Court finds that Plaintiff's responses are appropriate and sufficiently answer the interrogatories at issue.  The Court finds the responses provide factual answers, not legal conclusions.  Plaintiff, however, shall have a continuing duty to supplement its answers as needed in accordance with Federal Rule of Civil Procedure 26(e)(1).  Accordingly, Defendant's request that Plaintiff's responses to interrogatory numbers 2, 4, 5, 9, 10, 11, 12, and 13 be supplemented is **DENIED**.

Next, Defendant requests that the Court set a deadline for Plaintiff to present representatives for Rule 30(b)(6) depositions, and that the depositions be ordered to take place in Knoxville, Tennessee.

Plaintiff agreed during the telephone conference that it would relay available deposition dates to Defendant on or before January 8, 2015.  As to the location of the depositions, however, the parties were unable to reach an agreement as to which location would be appropriate.  The Plaintiff argued that the depositions of its 30(b)(6) witnesses should take place in Boston.

As a general rule, "the examining party may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place."  Charles Allen Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2112 (3d ed. 2012); see Fed. R. Civ. P. 30(b)(1).  With specific regard to deposing corporate officers, however, depositions typically take place at the corporation's principal office and place of business.  M & C Corp. v. Erwin Behr GmbH & Co., KG, 165 F.R.D. 65, 67 (E.D. Mich. 1996) (citing Sugarhill Records, Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y. 1985)).  When the
2

parties have a dispute over the location of a deposition, courts have wide discretion in resolving the matter. See Brasfield v. Source Broadband Servs., LLC, 255 F.R.D. 447, 449 (W.D. Tenn. 2008) ("The court's broad discretion to designate a time and place for a deposition is derived from Rule 26(c), which allows a court, for good cause, to issue protective orders in order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)(1)).

The Court finds that Knoxville is the most appropriate location for Rule 30(b)(6) depositions. The Plaintiff chose Knoxville as the forum for this litigation, which makes this location the most logical and reasonable setting. Moreover, should a dispute arise during the taking of a deposition, the Court will be in a better position to assist the parties in resolving the dispute, including the holding of an in-court hearing, if necessary. Thus, holding the depositions in Knoxville will also promote litigation efficiency. Therefore, <u>absent agreement by the parties as to location</u>, Defendant's request that Rule 30(b)(6) depositions take place in Knoxville is **GRANTED**. Plaintiff **SHALL** communicate available deposition dates to Defendant on or before **January 8, 2016**. Additionally, the parties shall endeavor in good faith to complete the depositions by the end of January.

Finally, Defendant requests that all documents Plaintiff has obtained as a result of subpoenas served in this case be produced to Defendant. During the telephone conference, the parties informed the Court that they were able to reach an agreement, and the matter is now resolved. Therefore, the Court need not rule on this issue.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

3

Case 3:14-cv-00539-PLR-HBG   Document 31   Filed 01/04/16   Page 3 of 3   PageID #: 260